# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2385

_____

United States of America,                    *
                                             *
                   Appellee,                 *    Appeal from the United States
                                             *    District Court for the District
         v.                                  *    of Minnesota.
                                             *
Patrick David Quick,                         *         [UNPUBLISHED]
                                             *
                   Appellant.                *

_____

Submitted: November 15, 2005
Filed: November 22, 2005

_____

Before WOLLMAN, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

A jury found Patrick David Quick guilty of twelve counts of mail fraud and one count of engaging in monetary transactions in criminally derived property. The district court* sentenced Quick to forty-six months in prison.

On appeal, Quick challenges the sufficiency of the evidence. "Mail fraud is use of the mails to execute a 'scheme or artifice to defraud.'" United States v. Lamoreaux, 422 F.3d 750, 753 (8th Cir. 2005) (quoting 18 U.S.C. § 1341). "'The

_____

*The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

essence of a scheme to defraud is an intent to harm the victim.'" Id. at 754 (quoting United States v. Jain, 93 F.3d 436, 442 (8th Cir. 1996)). Quick argues the evidence merely showed a failed business plan and did not establish that he intended to defraud the victims. Viewing the evidence in the light most favorable to the Government, however, we conclude a reasonable jury could find Quick's intent to defraud beyond a reasonable doubt. See id. at 753. Fraudulent intent may be inferred from a series of acts and relevant circumstances. United States v. Snelling, 862 F.2d 150, 154 (8th Cir. 1988). The evidence at trial showed Quick made false statements to several customers of his rare coin and gold business over a period of many months, and based on Quick's knowing misrepresentations, the customers entrusted him with money and precious metals that he used for purposes other than he had represented. The evidence also showed Quick created false and misleading documents and lied to cover up his diversion of his customers' funds. Further, the jury could properly infer Quick's guilt from its disbelief of his denials during his trial testimony, given the other corroborative evidence. United States v. Reed, 297 F.3d 787, 789 (8th Cir. 2002).

Quick also contends there was a fatal variance between the crimes charged in the indictment and the theory of the case put forth in the Government's rebuttal closing argument. A fatal variance occurs when the essential elements of the offense set forth in the indictment are left unaltered, but the evidence presented at trial proves facts that are materially different from those alleged in the indictment. United States v. Emery, 186 F.3d 921, 928 (8th Cir. 1999). Here, the jury received instructions about the elements of each charge and a copy of the indictment, and was asked only to decide Quick's guilt with respect to the charges stated in the indictment. Consistent with the indictment and the Government's closing argument, the evidence at trial showed Quick diverted his customers' funds for his personal use. The passage in the Government's rebuttal closing argument relied on by Quick simply points out the implausibility of Quick's excuse for diverting one customer's money.

We thus affirm the district court.

_____